OPINION of the Court, by
Ch. J. Boyle.-
— -4-t the January term 1809, of the county court of Warren, an order was made appointing Rnas Daniel commissioner of the tax for that year, ‘1 who (as is stated in the record of the entry then made,) agreed in court to do the business for 66 dollars.” At the October term following, Daniel presented an account sworn to, at the rate of a dollar a day for the time he wgs engaged in the discharge of his duty as a commissioner, amounting to 148 dollars, but the court rejected the account and ordered an entry to be made that he “ be allowed according to contract 66 dollars.” On the application of Daniel, the circuit court for Warren county awarded a mandamus to the county court, commanding them to hear his claim and give him a certificate to the auditor *f public accounts of the amount of his account at the *574 j-ate of one dollar per day for every day he shall niai§ satisfactory prcsof to them that he had been actfially engaged in the execution of his said duty, or to shew cause why they should not grant such certificate. The county court refused to grant the certificate, and re-turned l°r cause, in substance, that he had agreed in court as is before stated to do the business for 66 dollars ; that they had made him an allowance accordingly ; and moreover that he.produced no satisfactory pfbof that he had been necessarily engaged in the discharge of the duties of his office, for more than sixty-six days.
The circuit court deeming the return insufficient, awarded a peremptory mandamus, from which this writ of error is prosecuted. We are of opinion that the peremptory mandamus was improperly awarded.
The return of the county court shews that they had made Daniel an allowance for his services as commissioner. Whether the allowance was made according to the ratio established by law or not, is a question which the circuit court has no authority to decide. The subject is one which belongs exclusively to the jurisdiction of the county court, and their decision, however erroneous, could not be s.orrected by the circuit court. Nor will a mandamus lie in such a case. It is a proper remedy to compel an inferior court to adjudicate upon a subject within their jurisdiction, where they neglect or refuse to do so ; but where they have adjudicated, the mandamus will not lie for the purpose of revising or correcting their decision.
As to the objection that a writ of error will not lie to an award of a peremptory mandamus, we think it cannot be sustained. Subject to certain exceptions, of which the case of a mandamus does not seem to be one, the appellate jurisdiction of this court extends to all cases of a judicial nature, of which the inferior courts have cognizance. An appeal and writ of error ate the only modes in which cases of which this court has jurisdiction, can be brought before it. In some cases an appeal will not lie, but a writ of error, according to the uniform practice of the court since its first establishment, lies in every case of which the court has jurisdiction.
It is therefore considered by the court, that the judg-j meat of the Warren circuit court awarding a'pereiftpto-' *575 ty mandamus be reversed and set aside, and that the cause be remanded to said court, that they may dismiss the writ of mandamiis with, costs. And it is further considered by the court, that the plaintiff in error reeo-ver of the defendants their costs expended in the prosecution of this writ of error.