### Stewart, et al. v. Woods, Judge.

(Decided February 21, 1922.)

## Petition for Writ of Prohibition.

1. Prohibition—Nature and Grounds.—A writ of prohibition, from the Court of Appeals, under section 110 of the Constitution, lies to restrain an inferior judicial tribunal, from exercising judicial power, outside of and in excess of its jurisdiction, when there is no other adequate legal remedy available.

2. Prohibition—Nature and Grounds.—The writ of prohibition will not issue to restrain an act already completed, but, if anything remains to be done to complete the act, the writ will issue to restrain the things necessary to complete the act, and this court having acquired jurisdiction will give complete relief.

3. Courts—Powers of Judge in Vacation.—When powers are conferred upon a court, the judge thereof can not exercise the powers in vacation, unless there is a statute which gives him such authority.

4. Prohibition—Powers of Judge in Vacation.—A judge of a circuit court, who attempts to exercise judicial functions in vacation, which the court over which he presides has jurisdiction of, and which he can only exercise in term, is an inferior jurisdiction against which a writ of prohibition will lie.

JNO. M. THEOBOLD for plaintiffs.

G. W. E. WOLFFORD for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Granting writ of prohibition.

The plaintiffs, W. J. Stewart and Louisa King, instituted in this court an action against the Hon. H. L. Woods, judge of the Carter circuit court, seeking a writ of prohibition against him. The defendant interposed a general demurrer to the petition and cause has been submitted for final adjudication. The facts, as appear from the petition, are as follows: The plaintiffs are the owners of certain lands in Carter county. Certain residents

of the county instituted a proceeding in the county court to secure alterations of a public road and to change its course so as to run over the lands of plaintiffs, and for that purpose to condemn the necessary portions of the lands to effect the changes. The plaintiffs were made defendants in that proceeding, and it resulted in a final judgment in the county court to the effect that the changes and alterations sought for should be made and the proceedings having included a condemnation of portions of the plaintiffs' lands in order to make the alterations in the road, the court adjudged that the plaintiffs were entitled to the sums which a jury had determined that the damages amounted to, and adjudged that the county pay these damages, and ordered the road engineer to proceed to open the road for travel in accordance with the alterations decreed.

The plaintiffs took an appeal from the judgment of the county court to the circuit court in the manner provided by section 724 of the Civil Code, and executed an appeal bond as therein provided for, and the clerk of the circuit court then issued an order to the judge of the county court to stay proceedings on the judgment and to transmit to the office of the clerk all the original papers in the case, and we presume that a summons was then issued against the appellees as provided in chapter 2 of title 4 of the Civil Code, to appear and defend the appeal.

Thereafter on the 23rd of January, 1922, the appellees in the appeal pending in the circuit court made a motion before the defendant as judge of the Carter circuit court, in vacation, to discharge the order issued by the clerk of the circuit court against the county court to stay proceedings on the judgment, and the defendant as judge of the Carter circuit court, hearing the motion out of term time, directed an order to be entered on the records of that court discharging the supersedeas to all of which the plaintiffs objected. On motion of the plaintiffs the order discharging the supersedeas was suspended for twenty days to give the plaintiffs an opportunity to apply to a judge of this court to revise the order.

The plaintiffs, however, instead of applying to a judge of this court for a revision of the order filed this action for a writ of prohibition to prevent the defendant from proceeding any further out of term time or to enforce the order discharging the supersedeas.

The writ of prohibition which this court is authorized to avail itself of, by section 110 of the Constitution, may be used for the same purposes only as the same writ has been ordinarily used by the courts generally. It does not lie where there is any other adequate legal remedy. 22 R. C. L. 9. It is used only to prevent a threatened judicial action by a judicial tribunal outside of or in excess of its jurisdiction, and it follows, as a matter of course, that it is available in the instant action, to prevent a judicial action by the defendant which is without his jurisdiction or in excess of it, and to correct which the plaintiffs will have no adequate legal remedy. To set aside the order granted by the circuit court clerk against the judge of the county court, requiring him to stay proceedings upon the judgment in the county court, and to transmit the papers in the action to the office of the clerk, is without doubt a judicial action. If the defendant as judge of the circuit court was at the time without power and authority to adjudicate upon the motion, the attempt to do so was an action outside of and beyond his jurisdiction, and a mere nullity. During a term of the circuit court the defendant as the judge of that court is clothed with jurisdiction to hear and determine any question which might be raised touching the appeal bond and the supersedeas issued thereon, and a writ of prohibition could not be invoked against him on account of same, although it should be apparent that he would determine the question erroneously. The weight of authority, however, has prescribed the principle, that powers conferred upon a court cannot be exercised by the judge of the court in vacation, unless a statute exists specially clothing him with such authority. 23 Cyc. 543, 544 and 545. The jurisdiction of the courts and the powers of a judge in vacation are prescribed by statutes and the Constitution, and such judicial acts as a court or judge undertakes to perform, in excess of the powers prescribed by the Constitution and statutes, are void. The statute laws clothe the judge of a circuit court with power to exercise many judicial functions in vacation and out of term, but we are acquainted with no statute or law which authorizes a judge in vacation, and when not presiding in term, to hear a motion to and to make an order discharging a supersedeas issued by the clerk of the circuit court in accordance with section 724, Civil Code, and, hence, the attempt by defendant to do so was without

and in excess of any jurisdiction with which he was clothed. From such an order an aggrieved party would have no adequate legal remedy. An appeal would not lie and there is no provision of the Civil Code, or any law which would authorize an application to a judge of this court to review such an order made by a judge in vacation. We are of the opinion that the defendant, under the facts of the instant case, is subject to be restrained by a writ of prohibition. He is a judicial officer and assuming to exercise a function judicial in its nature, and as said in Morris v. Ransdall, 129 Ky. 727, "In the absence of other adequate remedy it lies to prevent unauthorized individuals from usurping judicial power," although as a rule the writ issues to an inferior court only. Under the circumstances he is an inferior judicial tribunal or jurisdiction. 22 R. C. L. 17. The writ will issue only to prevent a threatened action, and not after an action has been performed, but if the action has not been completely performed the writ will lie to prohibit any further proceeding, and having acquired jurisdiction to prevent what remains to be done, the writ may give complete relief by undoing what has already been done. Hence, a writ will be issued prohibiting the defendant from any enforcement of the order discharging the supersedeas, and, also, directing him to set aside the order.