## McFarland et al. v. Gilbert, Circuit Judge.

Jan. 20, 1939.

424

STEPHENS & STEELY for petitioners.

B. M. LEE for respondent.

OPINION BY CHIEF JUSTICE THOMAS—Dismissing Petition.

This is an original action filed in this court by the members constituting the law firm of Stephens & Steely —in conjunction with their client, Charles McFarland, as petitioners—against the Hon. James M. Gilbert, Judge of the Harlan circuit court, as respondent, seeking to compel him to enter a specific judgment. The substance of the petition is that petitioners composing the law firm of Stephens & Steely represented the other petitioner, Charles McFarland, in a proceeding before the Compensation Board, whereby a former award made to the client was increased, and the latter received an additional award amounting in the aggregate to something near $1,200. The members of the firm then moved the board for the allowance of a fee for representing their client pursuant to the provisions of section 4942 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, which is a part of our Workmen's Compensation Act. The Board sustained their motion and allowed them a fee of $167.85 to which was attached this direction: "and the defendant company or its insurance carrier is directed to deduct the said sum from any com pensation that may be found to be due plaintiff, commuting sufficient of the final payments under the award to a lump sum for that purpose."

The petitioning attorneys wrote a letter to the attorney of the employer in which they said: "You will, of course, send us the checks so that we may deduct our fees as we go along," and which was continuously thereafter done. Later, and after notice was given to that effect, the attorneys filed in the Harlan circuit court their motion for the entry of a judgment confirming and conforming to the order allowed by the compensation board, i. e., a judgment in favor of the attorneys for the amount of their allowed fee with the directions that it be paid in the manner directed by the board in its allowing order. Response was made to that motion by the employer, the substance of which was that pursuant to a request of the petitioners their fee was agreed to be paid by sending the checks for the periodical payments of the award to them, and for their fee to be retained out of such amounts as might be agreed upon between the attorneys and their client, and which course had been followed; but that instead of petitioners making any deduction from such payments, in pro tanto satisfaction of their fee, they turned over to their client, McFarland, the whole amount thereof, except they paid a note for $15 to a bank on which they were surety for their client. That arrangement, though first made before the board's order allowing the fee, was continued at the request of counsel, made in a letter written by them, and all of which was before respondent at the hearing of the motion for the judgment, and he later adjudged that: "Having considered the entire record in this case and being sufficiently advised, it is now adjudged by the court that under the record as made up here, the plaintiffs are not entitled to have judgment against the defendant to pay them the sum of $167.85 the amount allowed them by said board."

But in an immediately following paragraph he ordered that the periodical allowances as they became payable to the employee under the award be equally divided and a check for one-half of the amount be sent to attorneys representing the employee and the other half sent to the latter, which course he directed to be followed until the entire amount of the allowed fee was paid. That order was not appealed from to this court because in the opinion of petitioners the amount involved was insufficient to give this court jurisdiction. They therefore filed this original action, necessarily indirectly seeking a review of the ruling of respondent by

correcting any error therein, as completely as could have been done on appeal if this court had possessed jurisdiction of an appeal from this judgment.

We held in the case of Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, and in cases both before and since then, that our original jurisdiction conferred by section 110 of the Constitution will not be exercised in favor of granting relief so as to supply the absence of a right of an appeal to this court and to thereby nullify the statute limiting such right. Other cases, as stated, also endorse the principle that such original jurisdiction may not be employed as a substitute for an appeal to this court when no appeal lies, since a contrary holding would be but an indirect method of prosecuting an appeal denied by the prescribed practice. For that reason alone the relief herein sought should not be granted.

But petitioners insist that respondent—when the motion for the judgment for the allowed fee was made before him—had no other duty to perform under the statute than that of a ministerial act, stripped, of course, of all discretion on his part, and which condition was and is necessary in order for the position of counsel to be correct. But we do not construe the question—as presented to respondent at that hearing—as presenting to him a purely ministerial act, even if we should construe the statute ordinarily to provide for nothing more than the performance of that character of function. Response made to that motion in which a defense was incorporated consisted of an agreed change of method of payment of the allowed fee, and which had been partially done pursuant to that agreement. Whether or not the facts as so presented in that response were sufficiently defensive in effect as to defeat the motion of petitioners is not the question to be determined. If the response was sufficient to make a justiciable issue calling for the exercise of judicial discretion in its determination, then respondent acted in the matter—not ministerially only, but judicially; and it is conceded by counsel that unless the action he was called upon to perform was exclusively ministerial, then the writ prayed for in the instant petition would not be available. As stated, it is our conclusion that the response of the employer created an issue calling for the exercise of judicial discretion for determination, and which may not be controlled

by the writ of mandamus which is the only relief prayed for in the petition. We could easily extend the opinion by pointing out additional reasons why the writ sought herein should not issue, but those given are sufficient without lengthening the opinion by stating others.

Wherefore, for the reasons stated, the demurrer filed to the petition is sustained, and it is dismissed.

The Whole Court sitting.