## Garner v. Shouse, Police Judge.

Jan. 22, 1943.

Wm. A. Young for petitioner.

Stanley Trent for respondent.

OPINION BY PERRY, COMMISSIONER—Overruling motion and dismissing petition.

This is an original proceeding in this court by Robert Garner as petitioner, seeking a writ of prohibition against the respondent, Honorable J. S. Shouse, judge of the police court of Lawrenceburg, restraining him from signing any minute appearing upon the minute book of his court or from signing or causing to be entered upon its order book any alleged judgment appearing thereon reflecting his conviction of the offense of driving a motor vehicle while intoxicated and from certifying

said alleged judgment to the Department of Revenue and moving that said writ issue forthwith without notice to the respondent.

Upon the filing of the petition for the writ, this court entered an order, as moved for, temporarily restraining the respondent from signing the minute or judgment appearing on the minute or order book of his court and from certifying same to the Department of Revenue and ordering that respondent respond to the petition on or before the day therein stated, showing cause why such writ should not issue, and staying all further proceedings in the case for the purpose of preserving the status until petitioner's application for the writ could be heard and decided upon its merits.

It is alleged in the petition that on the evening of March 11, 1943, the petitioner, an unlettered colored man, left his home in Frankfort, Ky., accompanied by his mother and sister, to drive to Morgantown, Ky., to attend the funeral of a kinsman; that while on such mission, when passing through the town of Lawrenceburg, he was arrested and lodged in jail and his driver's license taken from him, when he was then informed that he was arrested and being held for trial upon the charge of operating on the streets of Lawrenceburg a motor vehicle while intoxicated.

The petition further alleged that upon being brought into the police court before the respondent judge thereof on the following morning for trial upon this charge, he was asked by respondent if he desired to plead guilty to the charge, to which petitioner alleged he answered that he would not plead guilty; that respondent then informed petitioner's mother, then present in court, that upon petitioner's conviction of the offense he would be fined $100 and costs and that he could be released to drive her and her daughter on to her kinsman's funeral if she would pay said sum, but that otherwise the petitioner would have to remain in jail until he could be tried upon the charge; that petitioner's mother thereupon informed the respondent that she had only $50 upon her person, which she agreed to pay and did then pay upon the fine, further agreeing to pay the balance owing on the fine the following day. He further alleged that he was then informed that he would be released from custody upon his signing "a release" and "bond to come back," whereupon he, with approved surety, did then

sign what he believed was an appearance bond but which was, in fact, not such but a replevin bond for the balance of the fine imposed of some $53.95; that petitioner was then released and given a temporary driving permit, signed by the chief of police of the town, whereby he was enabled to proceed on his way, with his mother and sister, to Morgantown for their kinsman's funeral.

Petitioner further denies that he then or at any time during his trial entered a plea of guilty to said charge, but continued throughout the trial to assert and maintain his innocence of the charge.

Petitioner further alleged that he was not given a fair hearing upon his trial, in that no witnesses were sworn nor testimony heard against petitioner at or during the trial, nor was petitioner given any opportunity to summon witnesses or introduce testimony in his own behalf. Further he alleged that at the time or shortly after his release from custody, and without his knowledge, respondent entered upon the minute book of his court a minute to the effect that petitioner had been "convicted" of the offense of operating a motor vehicle while intoxicated, fined the sum of $100 and costs and that said fine had been paid in full, but that said minute had not yet been signed by respondent.

Further he alleged that following his payment of the fine and his release, he requested that his driver's license be returned to him, which was promptly refused and petitioner then informed for the first time that he had been "convicted" on the charge of drunken driving and his driver's license revoked.

Further the petitioner alleged that no judgment of conviction of said offense has yet been signed by respondent or entered against him on the order book of the Lawrenceburg police court, but that, unless restrained by this court, the respondent would about April 1, 1941, enter and sign on the order book of his court a judgment purporting to reflect a conviction against petitioner of the offense of operating a motor vehicle while intoxicated, fining him $100 and costs, and stating that said fine and costs have been paid in full, from which it would result, by virtue of section 369, Criminal Code of Practice, that petitioner would have no remedy by appeal from the said judgment to any court of the commonwealth. Also petitioner alleged that the respondent, unless restrained

by this court, would, pursuant to the provisions of section 2739m—48, Kentucky Statutes, KRS 186.550, certify his alleged ''conviction'' to the Department of Revenue, which would thereupon cause to be entered an order revoking petitioner's license to operate a motor vehicle for the period of one year, from which order petitioner would also, by virtue of section 369, Criminal Code of Practice, have no remedy by appeal therefrom to any court of this commonwealth, from which it would follow that, as the operation of a motor vehicle is essential to petitioner's ability to earn a livelihood, such deprivation of the right to do so would result in irreparable injury to him.

Further the petitioner, while admitting that at the time complained of respondent was acting within his jurisdiction, alleged that respondent was proceeding erroneously, causing him irreparable injury against which he had no adequate remedy by appeal, by reason of his action in denying petitioner a proper hearing upon the charge preferred in the warrant against him and in failing to accord him the privilege of employing counsel and summoning witnesses in his behalf before imposing upon him a judgment of conviction, in direct violation of article 14, section 1, U. S. Constitution and sections 7 and 11 of the Bill of Rights of the Constitution of Kentucky and that said alleged judgment of conviction based thereon is also wholly null and void and against which his sole remedy is by the writ he here seeks.

Wherefore the petitioner, for the reasons alleged, moves the court: (1) For a temporary writ of prohibition, restraining respondent from signing upon his records the minute and judgment of conviction above mentioned; (2) that upon notice and hearing being given respondent, that said writ be made perpetual; (3) as ancillary to said writ and after due notice and hearing, that respondent be ordered to remit to the petitioner the amount of the fine imposed and paid by him; and (4) that in the event the temporary writ be made perpetual upon notice and hearing, respondent be ordered to grant petitioner a proper hearing or dismiss said charge and all other relief to which he may appear entitled.

In response to these allegations made by petitioner, respondent states that it is true petitioner was arrested by policemen of the town of Lawrenceburg on the eve-

ning of March 11, 1941, upon the charge of operating a motor vehicle while intoxicated, the said offense having been committed in the presence of the two arresting officers and within the limits of the town, but denies that petitioner was not at said time intoxicated. Further he states that on the morning following petitioner's arrest, he was brought into open court before respondent as judge of the police court and asked whether he desired to plead guilty or not guilty to the charge contained in the warrant, to which he answered that he did not wish to plead guilty, whereupon the city attorney announced that as he was that day engaged in the trial of an action in the Anderson circuit court, he would not then have time to proceed with the trial of the petitioner and moved the court to continue the case against the petitioner until a later time or day. Respondent states that he then asked both the city attorney and the petitioner when it would suit them to have the case tried, at the time advising the petitioner that he could secure his release from custody until the later time set for his trial by executing an appearance bond in the sum of $150, the amount for the bond named in the warrant. Further he states that before any day was set for the later trial of the case, the petitioner's mother, then in court, asked to be allowed to speak and explained that she, with the petitioner driving the automobile, had left Frankfort the night before for the purpose of attending the funeral of a relative to be held that day at Morgantown and asked what the fine would be if the petitioner pleaded guilty to the charge contained in the warrant; that respondent then advised both her and the petitioner that the court had invariably fixed the penalty for such offense on the first conviction at the sum of $100 and costs, to which petitioner's mother then replied that she had only $50 with her, when respondent further told her and the petitioner that upon her paying that amount on the fine, the petitioner could, with sufficient surety, execute a bond for the payment of the balance of the fine and costs imposed for a period of ninety days and that the mother then said she thought it best for him to plead guilty and pay the fine, instead of having a future trial of the case; that he thereupon asked petitioner if he desired to change his plea to guilty, to which he then assented and the respondent, as police judge and on motion of the city attorney, adjudged the petitioner guilty of the offense charged and fixed his punishment at a fine of $100 and costs. He fur-

ther states that the whole matter of the change of plea by the petitioner from "not guilty" to guilty was fully discussed and explained in open court in the presence of the petitioner, the respondent and the city attorney and that pains were taken to explain to the petitioner and his mother that the stated fine was the lowest penalty he could in such cases impose and that all persons, both white and colored, were treated exactly the same by the court in all such cases by imposing a fine of $100 and costs for the first offense, and that the matter was so fully discussed that neither the defendant nor anyone could have failed to understand and know the effect of the change of plea made by the petitioner.

Such being the facts affirmatively alleged by the respondent with reference to what were his rulings and judicial action when conducting the petitioner's trial upon the charge preferred, he further denied that petitioner did not upon his trial enter a plea of guilty to the charge upon which on trial, as claimed in his petition, or that he was not given an opportunity to summon or introduce witnesses in his own behalf, but does allege that only after the entry of the petitioner's plea of guilty did the respondent enter the complained of judgment of conviction thereon and impose the fine upon which the petitioner's mother paid $50, when the petitioner and his surety executed a replevin bond for the balance of said fine and costs, which was on the following day by petitioner's sister, when accompanied by him, paid and his replevin bond discharged.

Respondent further denies the allegation of the petition that no judgment of conviction of the offense charged had been signed by respondent or entered against him on the order book of his court, but averred that long before the filing of the petition in this proceeding, the respondent did enter and sign on the order book of said court the following judgment, to-wit:

"Com. of Ky. v. Robt. Garner.

"Charged with operating a motor vehicle while intoxicated on the 12th day of March, 1941, and upon plea of guilty was fined in the sum of One Hundred Dollars & costs, $3.95.

"J. S. Shouse,
"J. L. P. C."

The respondent further admits that the petitioner's operator's license was taken from him and further states that unless restrained by an order herein, it is his purpose to transmit said operator's license and to certify the conviction of the petitioner to the Department of Revenue of Kentucky, as is by law (section 2739m-48, Kentucky Statutes, KRS 186.550) required, for such action as said Department of Revenue may deem proper.

Respondent further denies that any right of the petitioner was denied him in said trial or that the judgment of conviction entered in said case was in violation of any of the provisions of the U. S. and Kentucky Constitutions, or that said judgment of conviction based on said hearing was or is void and of no effect. Further respondent denies that petitioner has cause to believe that unless temporarily restrained, respondent will sign in the minute book or enter and sign upon the order book of his court any alleged judgment of conviction other than that heretofore entered by respondent or that petitioner, as alleged in his petition, would be irreparably injured thereby. Wherefore the respondent concludes his response with the prayer that the petition be dismissed, that the temporary writ of prohibition be discharged and held for nought and for his costs and all proper relief.

Conceding arguendo that the petitioner's position as to his right to the writ sought is sound if respondent has proceeded erroneously, though within his jurisdiction, we are yet confronted with the question of whether or not respondent did proceed erroneously and our determination of this question turns on whether or not the petitioner did upon his trial on the charge of operating a motor vehicle when intoxicated change his plea of not guilty to one of guilty, and for our determination of it, it is needful and proper that we should consider the entire record, including evidence offered by the parties on this factual issue. Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377; Gilman v. Doak, 194 Ky. 21, 237 S. W. 1069.

It is admitted that the respondent, as judge of the Lawrenceburg police court, had jurisdiction to try the petitioner on the offense charged against him, which is by section 2739g-34a (KRS 189.520, 189.990) made a misdemeanor, the penalty for the first violation thereof being fixed at a fine of not less than $100 nor more than

$500 and revocation of license to operate a motor vehicle for the period of one year.

Section 1093, Kentucky Statutes (KRS 25.010) prescribes the jurisdiction of police courts to be the same as that of justices of the peace to try penal and misdemeanor cases and section 3530, Kentucky Statutes (KRS 26.400), a charter provision of fourth class cities (to which belongs the town of Lawrenceburg), provides that:

"In all cases where persons are presented to said court, charged with an offense within its jurisdiction, the judge may hear and determine the case, and impose such fines without the intervention of a jury; but in all cases where the fine may be more than twenty dollars ($20.00), the defendant may demand that the issue of fact be tried by a jury."

Here while the fine imposed on petitioner was $100 and costs and revocation of his operator's license for a period of one year and thus one where the defendant under the statute was entitled to demand that the issue of fact as to his guilt of violating the statute be tried by a jury, such right to demand a jury trial on such issue must be taken as waived by reason of petitioner's failure to demand such a trial.

However, conceding that the respondent, as judge of the police court, was authorized to hear and determine the case where no demand was made for a trial by a jury upon the issue of fact as to petitioner's guilt of the offense charged, the right thus given him to try the case was clearly qualified and conditioned upon his so exercising his jurisdiction as to afford to the petitioner a fair hearing and legal trial upon the charge contained in the warrant against him.

The petitioner contends and argues that he did not receive such a trial at the hands of respondent, for the reason that when called into court for trial he was asked by the judge what was his plea to the charge, to which he replied that he was pleading "not guilty," but that notwithstanding such was then and continued to be his plea and was never throughout the continuance of the trial changed to one of guilty, the court did nevertheless proceed to enter a judgment of conviction against him, fixing his punishment at a fine of $100 and costs, the minimum amount fixed by the law, section 2739g-34a,

Kentucky Statutes (KRS 189.520, 189.990), for an offender's first violation of the statute.

Against this contention, as set out herein above, respondent denies that such was his arbitrary action in adjudging petitioner guilty and fining him while pleading not guilty, but that, as stated in his response, the petitioner, after the situation was explained fully to him, did change his plea of not guilty to guilty and only then did he adjudge a conviction of the offense charged against petitioner and fine him therefor as stated, which he was legally authorized to do when and if the petitioner pleaded guilty to the charge preferred against him, and that upon payment of the fine in part by petitioner's mother and also payment of the replevin bond made by the petitioner for the balance of the fine, an entry was made upon the order book of the court showing that the fine imposed was fully paid and satisfied, which had the effect, under section 369, Criminal Code of Practice, providing in part that "no appeal shall be taken from a judgment of a county judge, or of a city, police or justice's court, after it is satisfied," of denying the petitioner the right of appeal therefrom.

Proof was taken by the parties in support of their respective positions on this issue made by their pleadings, as to whether or not the petitioner did change his plea of not guilty to one of guilty.

According to the testimony of the petitioner, he refused to plead guilty to the charge for the reason that he was not intoxicated when arrested and charged by the police officers with driving a motor vehicle while intoxicated; that for such reason he was unwilling to and never did throughout his trial plead guilty to the charge.

The testimony of his mother and sister, who were present in court and witnessed its proceedings throughout the trial, was in accord with and corroborated that of the petitioner in that they denied that he had ever upon the trial pleaded guilty to the offense charged against him. However, the petitioner and his witnesses do further testify that the petitioner's mother, when present at the trial, asked the respondent what the fine would be if her son pleaded guilty to the offense and, upon being told, stated that she had $50 with her, which she wished to and did then pay on the fine, and that she would pay the balance owing thereon the following day,

when the court told her she could pay the amount she had with her on the fine and her son, the petitioner, could execute a replevin bond, with sufficient surety, for the balance of it, when he would be released from custody and they could proceed on their way to Morgantown.

Petitioner further testified that upon his mother's making payment on the fine, as stated, he and his surety then executed a replevin bond for the unpaid balance of the fine, which at the time he thought was only a security bond but did further on cross-examination testify that he, though still denying that he pleaded guilty, remembered that his mother at that time paid $50 on his fine and that Mr. Parrent signed a replevin bond for the balance of it in the amount of $50 and costs; also, that he knew the bond he executed was for a fine and that he knew, when signing the bond with Mr. Parrent, that he was signing it for the remainder of his fine. Also he admits that when his sister came back the next day to pay off the bond given by him for the balance of the fine, he knew that he was paying his fine. Such evidence clearly contradicts his other testimony or allegation of his petition that when he signed this bond with Mr. Parrent as surety, he thought it was only an appearance bond or that he thought it was only security for his license.

On the other hand, the three witnesses for the respondent, who were present in court and heard what was said and done during the trial, did all in their testimony very clearly and strongly corroborate the testimony of the respondent to the effect that the petitioner, when first asked what was his plea, answer "not guilty," but that after the matter was explained and his mother been allowed to speak in open court, when asked a second time if he wished to change his plea, he agreed to plead guilty, whereupon he was then adjudged guilty of the charge and fined.

We have very carefully considered the entire record, including the evidence given by the parties and entertain no doubt that it was sufficient to very clearly establish the fact in issue, that the petitioner did plead guilty to the offense charged before he was so adjudged and fined therefor by the court. Such being the case, petitioner's contention that the respondent, while having jurisdiction, improperly proceeded in exercising it by adjudging him guilty and fining him, should not prevail and is not to be sustained.

Further we are of the impression that the writ asked should be denied upon the ground that, as is averred by the respondent, after entering the judgment of conviction and fine and therein stating same had been paid and satisfied in full, he duly signed the said judgment, when same became a completed act. The judgment having thus become a completed act upon the respondent's signing the same previous to the filing of this proceeding for a writ seeking to prohibit respondent from signing it, the petitioner's motion for the writ forbidding the doing of something which has thus been already done must needs be overruled, since the principal function and character of a prohibitory writ is preventive rather than corrective and issues to prevent the threatened commission of a future act rather than to undo an act which, as here, has already been performed. It will not be granted when the act sought to be prevented is already done. 50 C. J. 662, section 18; 42 Am. Jur. 182, section 47; Stewart v. Woods, 193 Ky. 824, 237 S. W. 657.

The petitioner argues that by reason of the provisions of section 369, Criminal Code of Practice, that "no appeal shall be taken from a judgment of a county judge, or of a city, police or justice's court, after it is satisfied," etc., and the judgment imposed upon the petitioner here having therein stated the fine had been fully paid, he had no right of appeal from the judgment and therefore should be granted the writ he seeks as being his sole remedy for the irreparable injury he insists he has suffered as a result of the judgment.

However, we have held that "the original jurisdiction of the Court of Appeals cannot be invoked as a substitute for an appeal when no appeal lies. The exercise of such jurisdiction would be but an indirect method of granting an appeal and would nullify the Statutes limiting such right. Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; McFarland v. Gilbert, 276 Ky. 423, 124 S. W. (2d) 473." Sizemore v. Stivers, 287 Ky. 153, 151 S. W. (2d) 1059, 1061. Also, as further stated in the opinion of this court rendered in the case of Gilman v. Doak, 194 Ky. 21, 237 S. W. 1069, 1071:

"The exercise of the power conferred by section 110 of the Constitution is a subject that addresses itself to the prudence of the court, to be resolved on the merits of the particular case under con-

sideration. The danger of an indiscriminate exercise of the power must be conceded, and, consequently, its invocation cannot be approved where the demand is based solely on counsel's conception of a remediless error. Nor is it justifiable on the ground that the lower court's ruling is not reviewable, by appeal, for it has uniformly been held that the right of appeal is not an inherent right, but is a matter of grace to be granted or withheld by the Legislature in the exercise of its discretion. Carey v. Sampson, Judge, 150 Ky. 460, 150 S. W. 531; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178.''

So, looking alone to the merits of this case, we do not think the petitioner's motion that the temporary writ be made perpetual should prevail, in that it is very clearly established by the evidence, we conceive, that the judgment of conviction complained of by the petitioner was not improperly issued against him, where, as it appears, he had pleaded guilty to the charge upon which he was being tried, which authorized the judge to render the judgment and affix the degree of punishment as fixed by law as was here done.

For the reasons above indicated, it is our conclusion that the petitioner's motion to make the writ permanent should be overruled and his petition is accordingly adjudged dismissed.