R. K. (Kenny) GRANTZ, Petitioner,

v.

Lawrence S. GRAUMAN, Judge, Respondent.

Court of Appeals of Kentucky.

May 17, 1957.

---

Charles E. Foppiano, Stanley V. Benovitz, Louisville, for petitioner.

Oldham Clarke, Louisville, for respondent.

SIMS, Judge.

Edwin A. Rausch filed suit against R. K. (Kenny) Grantz and James F. Queenan, Clerk of the Jefferson County Court, seeking to prevent the county clerk from printing Grantz' name on the official ballot in the Democratic Primary to be held on May 28, 1957, as a candidate for the nomination of representative of the 40th legislative district in Louisville, because Grantz does not reside in that district but is now, and has been for more than one year last past, a resident of the 35th legislative district in the City of Louisville. The suit was brought in the Jefferson Circuit Court, Common Pleas Branch, Fifth Division, under KRS 119.170, which provides that the circuit court may correct any error or omission that has occurred, or is about to occur, in placing or failing to place the name of any candidate on the official primary ballot.

After Hon. Lawrence S. Grauman, judge of that court, had indicated he would enter a judgment forbidding the county clerk from

printing Grantz' name on the primary ballot, Grantz filed this original proceeding in this court to prohibit Judge Grauman from entering such a judgment. Grantz' petition averred Judge Grauman is about to proceed erroneously and that he will suffer great and irreparable injury, because KRS 119.170 provides that any order made by the circuit court shall be conclusive and not subject to appeal, and he will be without any remedy.

Counsel on both sides are familiar with our rule that the jurisdiction of this court may not be exercised in original proceedings under § 110 of our Constitution to circumvent statutes prohibiting or limiting the right of appeal. McFarland v. Gilbert, 276 Ky. 423, 124 S.W.2d 473; Garner v. Shouse, 292 Ky. 798, 168 S.W.2d 42, 48. They insist that as the instant case involves the interpretation of § 32 of the Kentucky Constitution we should take jurisdiction. We agree with them and take jurisdiction because this case involves an important constitutional question. It may be well to repeat here that we will not permit litigants to by-pass KRS 119.170, or any other statute denying or limiting an appeal, by attempting to proceed under § 110 of our Constitution.

In § 33 of our Constitution it is provided the General Assembly shall divide the State into 38 senatorial and 100 legislative districts. And § 31 says one senator shall be elected in each senatorial district and one representative in each representative district. Section 32, afer providing that no person shall be a senator or representative, who at the time of his election, is not a citizen of Kentucky, states a representative shall reside in the State two years next preceding his election, "and the last year thereof in the county, town or city for which he may be chosen"; that a senator must reside in this State for six years next preceding his election "and the last year thereof in the district for which he may be chosen."

It is urged by petitioner that as § 32 provides a senator must reside in the district for which he is chosen, while it provides a representative must reside in the county, town or city for which he is chosen, the section says in plain and unambiguous terms only a senator must reside in the district for which he is chosen and that no such requirement is made of a representative. Respondent argues the language of § 32 is ambiguous and the court should resort to contemporaneous construction and be guided by the interpretation which has been put on this section by the candidates, voters and administrative and legislative officers for the last 65 years.

There are certain rules used in the construction of Constitutions, both Federal and State. A cardinal rule is that where the language of the Constitution leaves no doubt of the intended meaning of the section under consideration, courts may not employ rules of construction. 16 C.J.S. Constitutional Law § 13, p. 65; State Compensation Ins. Fund v. Riley, 9 Cal.2d 126, 69 P.2d 985, 111 A.L.R. 1503, 1508. Another important rule is that in construing one section of a Constitution a court should not isolate it from other sections, but all the sections bearing on any particular subject should be brought into consideration and be so interpreted as to effectuate the whole purpose of the Constitution. 11 Am. Jur. "Constitutional Law" § 53, p. 661. Thus sections 31, 32 and 33 should be considered together when we interpret § 32.

When the framers of our Constitution provided in § 33 for the State to be divided into 38 senatorial and 100 representative districts, and provided in § 31 for an election of one senator and one representative in each district, and then in § 32 provided a senator must reside in the district for which he is chosen and a representative must reside in the county, town or city for which he is chosen, patently there is an ambiguity in § 32 as to whether the framers of the Constitution intended that representatives must be elected from the district in which they reside the same as senators are required to reside in the district for which they are chosen.

Furthermore, we find that § 32, in providing that a representative must be a resident "in the county, town or city for which he may be chosen," is ambiguous on its face, because representatives are not chosen "for" a county, town or city.

Resorting to constitutional history in an effort to clear the ambiguity, we find that the language in question was taken verbatim from § 4 of Article II of the 1850 Constitution. However, in the 1850 Constitution this language made sense, because, under §§ 5 and 6 of Article II, representatives *were* chosen "for" counties, towns and cities. In substance, the language as used in the 1850 Constitution meant that a representative must reside in the apportionment unit for which he was elected.

Since no other reasonable meaning can be found for the langauge as used in the present Constitution, we think it must be given the same meaning it had in the former Constitution, namely, that a representative must reside in the apportionment unit for which he is elected. The only apportionment units under the present Constitution are districts; accordingly, a representative must reside in the district for which he is elected.

This construction is in accord with the actual, practical construction that has been given § 32 of the Constitution by the people for the last 65 years. Practical construction of an ambiguous law by administrative officers continued without interruption for a very long period is entitled to controlling weight. 11 Am.Jur. "Constitutional Law" § 80, p. 701; State ex rel. Bashford v. Frear, 138 Wis. 536, 537, 120 N.W. 216, 16 Ann.Cas. 1019.

Mention was made in argument that members of Congress are not required to be residents of districts from which they are elected. So they are not. But there is nothing in the Federal Constitution requiring them to be residents of the districts from which they are elected. No mention is made in the Federal Constitution of the districts from which representatives in Congress are elected, and all that is required of them is that they be residents of the State from which they are elected. See art. 1, § 2 of the Constitution of the United States.

Another rule of constitutional construction is to give effect to the intent of the framers of the instrument and of the people adopting it. The Constitution should not be construed so as to defeat the obvious intent of its framers if another interpretation may be adopted equally in accordance with the words and sense which will carry out the intent. The intent must be gathered both from the letter and the spirit of the document. The polestar in the construction of Constitutions is the intention of the makers and adopters. 11 Am. Jur. "Constitutional Law" § 61, p. 675.

There were many legislative districts in the Commonwealth in 1891, as now, which comprised two counties. Manifestly, it is impossible for a representative to be a resident of both counties at the time of his election where his district consists of two counties. If we should interpret § 32 as contended by petitioner, that the candidate be a resident of "the county for which he is chosen," it would be impossible for a candidate for representative to comply with § 32.

It is obvious to us that the only construction which can be given § 32 wherein the intent of the drafters of the Constitution will be carried out is that representatives must be residents of the district from which they are elected. Therefore, the writ of prohibition is denied.

BIRD, J., dissents.