## COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Petitioner,

### v.

## Ray L. MURPHY, Circuit Judge, 17th Judicial District, Respondent.

Court of Appeals of Kentucky.

Nov. 22, 1961.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for petitioner.

Ray L. Murphy, Circuit Judge, Newport, for respondent.

BIRD, Chief Justice.

On or about August 1, 1961, Ray L. Murphy, Regular Judge of the Criminal Division of the Campbell County Circuit Court, voluntarily disqualfied himself from presiding over the court during a session of the Campbell County Grand Jury held in August and September 1961, at which session divers matters of vice and corruption were scheduled to be and were investigated in due course. . . ..

A special judge was designated to preside over the court in all matters pertaining to

the work of that grand jury. The work continued for about a month and the grand jury made its final report. Thereupon the special judge by proper order continued the investigation to the next succeeding session of the grand jury in October 1961. Judge Murphy, the regular judge and respondent herein, ordered that the grand jury be convened November 6, 1961, rather than in October.

This is an original action in this Court to prohibit the regular judge, Murphy, from presiding over the grand jury scheduled to begin its deliberations on November 6, 1961. The complaint was filed on Saturday before the grand jury was to convene on the following Monday. It was a matter of common knowledge that the grand jury was to convene at that time. The Commonwealth does not contend that it did not have this information.

This Court declined to grant a temporary order of prohibition because of the unwarranted delay in filing the action.

On the merits it is first contended that the work of the special judge was not completed because of his order continuing the investigation and that he continues to be the proper judge to preside over the grand jury at its session beginning November 6, 1961.

However, the record shows clearly that the regular judge voluntarily disqualified and vacated the bench only in matters pertaining to the work of the grand jury at the session beginning August 14, 1961. We have construed his disqualification to mean that he is disqualified to try or hear any part of any case resulting from the action of that grand jury. He has not disqualified himself from presiding over the Campbell Circuit Court in connection with any other grand jury. We find no basis for prohibition in the first contention.

The Commonwealth's final contention is as follows:

"That it is imperative, in order to preserve the public esteem of, and faith in, the judicial system of the Commonwealth, that the special judge preside over the regular grand jury about to convene, since that jury will consider matters of the same nature as considered by the August special session of the Campbell County Grand Jury, concerning which the respondent disqualified himself.

"That irreparable harm will result to the judicial system of the Commonwealth if the respondent presides over the pending grand jury."

Nowhere in the petition is Judge Murphy charged with wrongdoing, nor is he charged with the slightest complicity in any of the vice and corruption described in the complaint. There is no charge of conflicting interest. In fact, there is no allegation of any fact basically necessary to give this Court jurisdiction. Judge Murphy has filed his response, stating that the reason for his previous voluntary disqualification "no longer exists." He further asks that the petition be dismissed because it fails to state facts sufficient to constitute or support an action for prohibition.

In Garner v. Shouse, 292 Ky. 798, 168 S.W.2d 42, 48, this Court said as follows:

" 'The exercise of the power conferred by section 110 of the Constitution is a subject that addresses itself to the prudence of the court, to be resolved on the merits of the particular case under consideration. The danger of an indiscriminate exercise of the power must be conceded, and, consequently, its invocation cannot be approved where the demand is based solely on counsel's conception of a remediless error.' "

We find nothing upon which to grant a writ of prohibition. The petition is dismissed.