**A. Mitchell McCONNELL, Jr., et al.,
Petitioners,**

**v.**

**Joseph MARSHALL et al., and Stanley
A. Searcy, et al., Respondents.**

Court of Appeals of Kentucky.

May 20, 1971.

A. Mitchell McConnell, Jr., S. Tilford Payne, Jr., Louisville, for petitioners.

Daniel A. Schneider, Louisville, for Joseph Marshall.

Stanley Searcy, in pro per.

CULLEN, Commissioner.

A. Mitchell McConnell, Jr., Joseph Marshall, and Stanley A. Searcy are candidates for the Republican nomination for state representative of the 31st District (which is in Jefferson County), at the primary to be held next week. Marshall and Searcy instituted proceedings in the Jefferson Circuit Court under KRS 119.170, against McConnell and against the county clerk and election commissioners of Jefferson County, seeking an order that McConnell's name not be placed on the voting machines at the primary election, for the alleged reason that he does not meet the constitutional qualifications for the office. The circuit court rendered an opinion holding that McConnell is not qualified and therefore is not entitled to have his name on the voting machines. Judgment to that effect has not yet been entered, however. McConnell has instituted the instant original proceeding in this court, seeking an order prohibiting the circuit court from entering the judgment. We accept jurisdiction on the same grounds as in Grantz v. Grauman, Ky., 302 S.W.2d 364.

The major question presented is whether McConnell can meet the requirement of Section 32 of the Kentucky Constitution of having resided the last year preceding the regular election "in the county, town, or city for which he may be chosen." Admittedly McConnell will not have resided in the geographical area embraced by the 31st Legislative District one year by the time of the regular election in November, but he has resided in *Jefferson County* for much more than a year, and he argues that under the language of Section 32 of the Constitution such residence is sufficient. He concedes, however, that his argument runs squarely against the holding in Grantz v. Grauman, Ky., 302 S.W.2d 364, that Section 32, properly construed, requires that the one-year's residence be in the *district* for which the representative is elected. McConnell maintains that *Grantz* is wrong and should be overruled. We are not so persuaded. We think *Grantz* is perfectly sound and we adhere to it; thus we reject McConnell's main argument.

As a secondary contention McConnell asserts that the constitutional requirement of residence is not applicable to the 31st District because it was newly created this year by legislation which did not become effective until March 24. There formerly was a 31st District but it was composed of Bullitt and Spencer Counties; the newly created district is composed solely of territory in Jefferson County that formerly was embraced in other-numbered districts. McConnell moved into the geographical area now constituting the 31st District on March 11; previously he had lived for a number of years in another part of Jefferson County. He maintains that the establishment of the new district created a hiatus, and in that situation the one-year-residence requirement of Section 32 is incapable of application because *no one* will have lived in the *district* a year by the time of the November election.

The circuit court held that the purpose of Section 32 is to insure that candidates for representative have acquired a familiarity with the people and area which they seek to represent, and that the geographical area of residence is the important consideration. We agree with that view. Requiring a period of residence in the 31st District as an entity would serve no useful purpose. The district designations are merely conveniences in defining voting areas, and they have no intrinsic purpose such as would furnish a basis for requiring a candidate to be identified with a district as a numbered unit as distinguished from being identified with the geographical area defined by the district boundaries.

McConnell makes another contention, that the opposing candidates should be barred by laches from maintaining the proceeding to disqualify him, because they waited until only a week before the primary to bring the proceeding, some six weeks after his nomination papers were filed. Qualification of candidates being a matter in which the public has an interest, we believe the doctrine of laches is not applicable here.

We have chosen to dispose of this case on its merits. However we note that the circuit judge who is sought to be prohibited is not named as a respondent in the petition, and this would have been a serious obstacle to the granting of the petition. Trodglen v. Judge, Ky., 371 S.W.2d 40.

The petition for an order of prohibition is denied.

MILLIKEN, C. J., and HILL, OSBORNE and PALMORE, JJ., concur.

NEIKIRK, REED and STEINFELD, JJ., did not sit.