# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: DECEMBER 14, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0336-MR

ALLEN WAYNE HATCHER                                  APPELLANT

|  |  |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>NO. 2022-CA-0435<br>EDMONSON CIRCUIT COURT NO. 03-CR-0118 |

HONORABLE PHILLIP PATTON, SPECIAL                   APPELLEE
JUDGE, EDMONSON CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY       REAL PARTY IN INTEREST/APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

This is an appeal from the Court of Appeals' decision denying a writ of prohibition sought by Allen W. Hatcher to reverse and vacate his conviction for intentional murder. Hatcher argues this conviction violated his right against double jeopardy. The Court of Appeals denied the writ. We affirm.

### I.      Facts and Procedural Posture

The underlying facts of Hatcher's crimes are irrelevant here. It suffices to note that he was convicted of murder and several other crimes in 2005 for which he received a sentence of thirty years in prison. Those convictions were affirmed on direct appeal. *Hatcher v. Commonwealth*, No. 2005-SC-0623-MR,

2006 WL 2456354, at *1 (Ky. Aug. 24, 2006). In 2010, upon an RCr[1] 11.42

motion for ineffective assistance of counsel, the Court of Appeals vacated his

conviction for murder and remanded for a new trial solely on that charge and

lesser included offenses. *Hatcher v. Commonwealth*, 310 S.W.3d 691, 702 (Ky.

App. 2010). In that collateral attack, Hatcher had argued that the instruction

for murder upon which he was convicted was a combination jury instruction

that failed to distinguish between intentional murder and wanton murder. *Id.*

at 698.[2] The Court of Appeals held that argument was without merit. *Id.*

In 2015, Hatcher was retried for murder, again convicted, and sentenced

to life in prison. We again affirmed. *Hatcher v. Commonwealth*, No. 2015-SC-

000258-MR, 2016 WL 3370999, at *3 (Ky. June 16, 2016). In 2018, Hatcher

filed separately an RCr 11.42 motion and a CR[3] 60.02 motion to collaterally

---

[1] Kentucky Rules of Criminal Procedure
[2] Jury Instruction No. 5, the instruction for murder, read as follows:

You will find the Defendant, Allen Hatcher, guilty of Murder under this instruction, if and only if, you believe from the evidence beyond a reasonable doubt all of the following:
    A. That in this county on or about November 6, 2003, and before the finding of the Indictment herein, he killed Edward Tankersley by shooting him;
AND
    B. That in so doing;
    (1) He caused the death of Edward Tankersly [sic] intentionally and not while acting under the influence of extreme emotional disturbance;
OR
    (2) He was wantonly engaging in conduct which created a grave risk of Death to Edward Tankersly [sic] under circumstances manifesting an extreme indifference to human life.
AND
    C. That in so doing he was not privileged to act in self-protection.

*Id.*

[3] Kentucky Rules of Civil Procedure

2

attack this second conviction. Both were denied by the trial court, and the Court of Appeals ordered the two cases consolidated. In the CR 60.02(e) motion, Hatcher specifically argued that based on the jury instructions in his second trial, his right against double jeopardy was violated. As the Court of Appeals summarized,

> The basis for this motion is the combined instruction for intentional and wanton murder used in the first trial in 2005 and the second trial in 2015. Hatcher argued that his murder conviction in the second trial constituted a double jeopardy violation,
>
>> because the jury's return of a guilty verdict under a combined jury instruction at the first trial brough [sic] about the very situation here where the jury's verdict finding Hatcher guilty of both intentional and wanton murder, jeopardy attached as a matter of law to both intentional and wanton murder barring Hatcher's conviction for intentional murder at the second trial.
>
>> He argued that, because the jury verdict at the first trial could not be determined to be under the intentional murder or wanton murder part of the murder instruction, it had to be considered under both pursuant to the applicable caselaw. He argued that if he had been found guilty of either intentional or wanton murder in the first trial, there was an implied acquittal on the other charge, which would implicate a double jeopardy violation on retrial.

*Hatcher v. Commonwealth*, No. 2018-CA-001537-MR, 2020 WL 1490759, at *5 (Ky. App. Mar. 27, 2020). The jury instruction given in the second trial read,

INSTRUCTION NO. 5
MURDER
You will find the Defendant guilty of Murder under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
A. That in this county on or about November 6, 2003 and before the finding of the Indictment herein, he killed Edward Tankersly Jr., by shooting him in the head with a 45 cal. Handgun;
AND

3

B. That in so doing:
> (1) He caused the death of Edward Tankersly Jr., intentionally and not while acting under the influence of extreme emotional disturbance;

OR

> (2) He was wantonly engaging in conduct which created a grave risk of death to another and thereby caused the death of Edward Tankersly, Jr., under circumstances manifesting an extreme indifference to human life.

AND

C. That he was not privileged to act in self-protection.

*Id.* at *8. The Court of Appeals noted that the difference between the first trial and second trial was in the verdict forms: "[t]he verdict form [in the second trial] permitted the jury to find Hatcher guilty of intentional murder under form 'A,' guilty of murder under circumstances manifesting an extreme indifference to human life under form 'B,' or not guilty under form 'C.'" *Id.* In the first trial, the verdict form "permitted the jury to find Hatcher guilty of murder under form 'A' or not guilty under form 'B.'" *Id.* The Court of Appeals noted that

> Hatcher asserts that, because it was impossible to determine whether the jury convicted him of intentional murder or wanton murder in the first trial, it was equally impossible to determine which offense he was acquitted of. Therefore, he argues that jeopardy attached to both the intentional and wanton murder charges on retrial.

*Id.* at *9. But the lower court denied his claim for CR 60.02 relief because "Hatcher's double jeopardy argument should and could have been raised on direct appeal, although we do not believe Hatcher would have been successful had he raised this issue in the appropriate forum." *Id.*

4

On April 14, 2022, Hatcher filed his petition for writ of prohibition making the same arguments regarding double jeopardy as in his CR 60.02 action. The Court of Appeals denied the writ, ruling Hatcher

> is not entitled to relief by means of a writ. First, the Edmonson Circuit Court is not acting and is not about to act. Although a claim of double jeopardy can be considered in an application for a writ of prohibition, the purpose is to consider whether a pending trial is appropriate. Petitioner's trial has been concluded and his conviction became final years ago.
>
> Second, Kentucky law provided Petitioner with more adequate remedies by appeal and otherwise. Petitioner could have and should have raised any potential double jeopardy claim in his direct appeal. Also, Petitioner did raise the issue in his CR 60.02 motion and in the appeal thereof.

We now consider the merits of the appeal.

## II. Analysis

We decline to address the specific arguments regarding double jeopardy advanced by Hatcher. This case raises a question of whether a writ of prohibition can ever lie, as a matter of law, to vacate a final judgment of a trial court. The Court of Appeals implicitly addressed this question when it ruled the writ would not lie because the Edmonson Circuit Court was not taking or about to take an action erroneously within its jurisdiction. We agree and reaffirm that neither a writ of prohibition nor mandamus can lie to vacate a final judgment.

In *Hoskins v. Miracle,* we set out the two categories of writs of prohibition and their requirements, as follows,

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an

5

intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004). In *Dunn v. Maze*, we held "there is not an adequate remedy by appeal where a defendant contends that double jeopardy would bar a second trial following either an acquittal or conviction." 485 S.W.3d 735, 742 (Ky. 2016). As such, Hatcher could have petitioned for the writ once it was clear the Commonwealth intended to re-try him for murder, although, we do not imply such action would have been meritorious.

As stated clearly in *Hoskins*, a writ under either class may be granted if it can be shown the trial court is "proceeding or is about to proceed" without jurisdiction or "acting or is about to act erroneously, although within its jurisdiction." *Hoskins*, 150 S.W.3d at 10. The language is active, and presumes an action is being or is about to be taken by the trial court. We therefore agree with what the Supreme Court of the United States said over 150 years ago,

> The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which . . . the court is informed he is about to do. If the thing be already done, it is manifest the writ of prohibition cannot undo it, for that would require an affirmative act; and the only effect of a writ of prohibition is to suspend all action, and to prevent any further proceeding in the prohibited direction.

*United States v. Hoffman*, 71 U.S. 158, 161-62 (1866). As such, a writ of prohibition cannot *direct* the trial court to take an affirmative act. It only requires an action being taken or about to be taken, not be taken. Our predecessor Court has previously echoed this understanding when it held

6

the principal function and character of a prohibitory writ is preventive rather than corrective and issues to prevent the threatened commission of a future act rather than to undo an act which, as here, has already been performed. It will not be granted when the act sought to be prevented is already done.

*Garner v. Shouse,* 168 S.W.2d 42, 47 (Ky. 1943). *Shouse* is in fact on point. In that case, a man had been charged with and pled guilty to driving while intoxicated. He sought a writ of prohibition to prevent the judge of the police court from signing and entering the final judgment. *Id.* at 45. The petitioner alleged irregularities with procedure that denied him his right to a fair trial. *Id.* But because proof showed the final judgment had been duly signed and entered prior to the seeking of the writ, the Court held the petition "must needs be overruled" because "after entering the judgment of conviction and fine and therein stating same had been paid and satisfied in full . . . [the judge] duly signed the said judgment, when same became a completed act." *Id.* at 47. Therefore, the writ was improper because its purpose was "forbidding the doing of something which has thus been already done . . . ." *Id.*

Properly speaking, what Hatcher is seeking is a writ of mandamus—an order compelling the trial court to vacate his judgment. But the standards for both the writs of mandamus and prohibition are the same.

To prevail on the Petition for Writ of Mandamus, it is incumbent upon appellant to establish that the lower court is proceeding or about to proceed without jurisdiction, and there is no adequate remedy by law, or to establish that the lower court, although acting with jurisdiction, is about to act incorrectly and there is no adequate remedy by appeal and great injustice or irreparable injury would result.

7

*Bock v. Graves*, 804 S.W.2d 6, 9 (Ky. 1990). The difference between the two is that a writ of prohibition restricts an action, while a writ of mandamus is "to compel a public officer to perform a ministerial duty, and . . . a petitioner must name a public officer and seek to compel that officer to perform a ministerial act." *Hamblen ex. rel. Byars v. Kentucky Cabinet for Health and Fam. Servs.*, 322 S.W.3d 511, 517 (Ky. App. 2010). "While mandamus will lie to set a court in motion, it cannot be used to control the result." *Kaufman v. Humphrey*, 329 S.W.2d 575, 576 (Ky 1959) (quoting *Hargis v. Swope*, 114 S.W.2d 75, 77 (Ky. 1938)). And "[w]hen the circuit court has entered a final judgment, mandamus will not lie." *Childers v. Stephenson*, 320 S.W.2d 797, 799 (Ky. 1959). As has been the rule since the very beginnings of the Commonwealth, "[m]andamus is a proper remedy to compel an inferior Court to adjudicate upon a subject within their jurisdiction, where they neglect or refuse to do so; but where they have adjudicated, the *mandamus* will not lie for the purpose of revising or correcting their decision." *Mahoney v. McDonald-Burkman*, 320 S.W.3d 75, 79 (Ky. 2010) (quoting *Warren County Court v. Daniel,* 5 Ky. (2 Bibb) 573, 1812 WL 628 (1812)).

In the case before us, Hatcher seeks a writ of prohibition but, as the Court of Appeals correctly noted, there is no erroneous action alleged by Hatcher that the trial court is taking or about to be taking. There is no action of the circuit court at all. The judgment was entered in 2015, and the direct appeal affirming was completed in 2016. His collateral attacks were considered in March 2020; thus, his conviction became final later that same year. There is

nothing to prohibit. Insofar as Hatcher is substantively seeking a writ of mandamus to compel the vacatur of his conviction, he asked the Court of Appeals to direct a specific result regarding a final judgment. That is contrary to law. In other words, Hatcher seeks a writ to circumvent the regular appellate procedure, but the law is clear writs are "not to be used as a substitute for the appellate process." *State Farm Mut. Auto. Ins. Co. v. Caudill*, 136 S.W.3d 781, 782 (Ky. App. 2003).

### III.    Conclusion

"A writ of mandamus or prohibition serves only to prevent injury, not to remedy it." *Mahoney*, 320 S.W.3d at 78. Because Hatcher seeks to vacate a final judgment duly entered by a Circuit Court whose jurisdiction to do that act is not doubted, the action he seeks is remedial, not preventative, and is improper. The Court of Appeals is affirmed.

All sitting. VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANT:

Allen Wayne Hatcher, *pro se*

APPELLEE:

Hon. Phillip Patton, Special Judge
Edmonson Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST:

Daniel J. Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General