## Glass v. Hancock et al.

(Decided Nov. 19, 1935.)

**(As Amended on Denial of Rehearing Dec. 17, 1935.)**

W. G. DEARING for plaintiff.

LAWRENCE S. GRAUMAN for defendants.

OPINION OF THE COURT BY JUDGE RATLIFF—Denying writ of prohibition.

In an action in the quarterly court for Jefferson county, Ky., Frank Hartman recovered a judgment for $181.80 against Charles Glass, who is the petitioner in this original action. The judgment was entered in the quarterly court on the 25th day of April, 1935, and Glass filed motion and grounds for a new trial which the court

overruled on the 10th day of June, 1935. Thereafter, but more than sixty days from the date of the judgment in the quarterly court, but within sixty days after the motion and grounds for a new trial were overruled, Glass prosecuted an appeal to the Jefferson circuit court. Hartman entered a motion to dismiss the appeal on the ground that it was not taken within sixty days from the date the judgment was rendered in the quarterly court as provided by section 729 of the Civil Code of Practice. The motion was submitted and argued by counsel for both parties and Judge Hancock indicated to counsel that he believed that the motion should be sustained and the appeal dismissed because it was not taken in time. Thereupon Glass filed this original action in this court seeking a writ of prohibition against Judge Hancock, prohibiting him from dismissing the appeal.

It is insisted for the petitioner that there was no final judgment from which an appeal could be taken until after the motion and grounds for a new trial were overruled, and the appeal having been prosecuted within sixty days after the court had overruled the motion, the Jefferson circuit court has jurisdiction of the appeal.

The petitioner alleges and it is so argued in brief that if the appeal is dismissed, the petitioner will be without remedy by appeal to this court (the judgment being for less than $200), and he will thereby suffer great and irreparable injuries. Respondents filed a demurrer to the petition. It is contended for the respondents (1) that the appeal should have been prosecuted within sixty days after the date of the judgment in the quarterly court, and the pendency of the motion and grounds for a new trial did not suspend the limitations of section 729 of the Civil Code of Practice and bring it within the rule of practice of taking appeals from judgments of circuit courts to the Court of Appeals, and (2) the amount involved is insufficient to constitute such great and irreparable injury or injustice as to authorize the issuance of the writ restraining the circuit court from acting within its jurisdiction.

Whether or not the appeal was prosecuted in time we cannot decide for want of jurisdiction of amount involved, the only question for our consideration is whether or not the loss of the amount involved constitutes such

great and irreparable injury as contemplated by section 110 of the Constitution, and under our decisions of previous similar cases, authorizing this court to restrain a court inferior thereto from acting within its jurisdiction, although it may be acting erroneously.

In Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, there was involved a question identical to the one here involved. In that case Litteral sought a writ of prohibition against H. L. Woods, judge of the Boyd circuit court, requiring him to sustain the plaintiff's motion in that court to dismiss an appeal therein by the Chesapeake & Oho Railway Company from a judgment rendered against it in the Boyd quarterly court for the sum of $175. The motion for the writ was denied on the ground that we will not grant such writ prohibiting a circuit court from entertaining an appeal, since, though the circuit court may have been proceeding erroneously within its jurisdiction, there was no great and irreparable injury to the plaintiff such as to authorize this court to exercise its original jurisdiction, and that the granting of such a writ under section 110 of the Constitution is never warranted save in exceptional or unusual cases, where the amount involved or other circumstances are such as would result in great and irreparable injury to the appellant, and without any remedy open to him by appeal or otherwise. Illustrative of the exception to the rule, we refer to the cases of Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475; Duffin v. Field, Judge, 208 Ky. 543, 271 S. W. 596, and cases referred to in those opinions, wherein the amounts involved or other circumstances were sufficient to constitute great injuries or injustice. The Woods Case, supra, was referred to and quoted from with approval in the later case of Union Trading Co. v. Hubbard, Judge, 252 Ky. 518, 67 S. W. (2d) 693, in which case there was involved the sum of $108.75, and it was held that the amount involved did not constitute such great and irreparable injury or injustice as to authorize the restraining of the circuit court from acting within its jurisdiction, although his action may be erroneous. It is our view that the Woods and Hubbard Cases, supra, are conclusive of this case.

The demurrer to the petition is sustained, the petition dismissed, and the motion for a writ of prohibition is denied.