**HARTFORD ACCIDENT & INDEMNITY COMPANY, Petitioner,**

**v.**

**Ray C. LEWIS, Judge of the Knox Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

James S. Carroll, Lexington, for petitioner.

Sampson B. Knuckles, Barbourville, for respondent.

SIMS, Judge.

This is an original action in this court by petitioner, Hartford Accident and Indemnity Company (hereinafter referred to as the Company), against respondent, Hon. Ray C. Lewis, Judge of the Knox Circuit Court, to prohibit him from amending a judgment he had rendered in favor of the Knox County Coon Club (hereinafter referred to as the Club), against the Company and Charlie Stewart for $160. The judgment was rendered May 26, 1955. Notice was given on July 7, 1956, that a motion to amend would be made on July 9, 1956, but there is no motion in the record. On July 13, 1956, the respondent sustained "the motion" and entered an order amending the judgment by striking therefrom the name of Charlie Stewart, the person whose honesty the indemnity bond covered, and rendered judgment only against his bondsman, the Company.

It is contended by petitioner that respondent had lost control over the judgment rendered more than a year before he attempted to amend it, therefore he had no jurisdiction and his action in changing, or amending, the judgment was void and will work great and irreparable injury on petitioner, inasmuch as it changes the conditions of the Company's indemnity bond or contract, and likewise changes the law in respondent's judicial district relative to such bonds. Furthermore, petitioner insists if respondent had jurisdiction to amend the judgment, his action in so doing was clearly erroneous and petitioner has no remedy at law and will suffer great and irreparable injury.

It is contended by respondent that the original judgment was erroneous because he did not intend to give judgment against Charlie Stewart but only against the Company; that the judgment was interlined by having Stewart's name inserted therein and respondent had same entered without noticing the interlineation. Respondent further contends that as only $160 is involved the Company can suffer no great and irreparable injury.

Stewart was secretary of the Club and the Company signed his bond to protect the Club against any loss it might suffer "through any act of fraud, dishonesty,

forgery, theft, embezzlement, wrongful abstraction or wilful misapplication committed alone or in connivance of any employee * * *." One Sunday Stewart took $160 of the Club's money to his home for safe keeping as the following Monday was a holiday and the banks were not open. His home was broken into and the money was stolen.

The Club sued Stewart and the Company and respondent intended to give judgment only against the Company. However, the attorneys for the Club and the Company realized that for the Company to be liable judgment also had to go against Stewart, hence they inserted Stewart's name in the judgment when neither he nor his attorney was present. Without noticing that Stewart's name had been inserted, respondent signed the judgment and had it entered on May 6, 1955. Thereupon, the Company paid the Club $160, the amount of the judgment, and took an assignment of same from the Club. Later, an execution was issued thereon against Stewart, levied on his property, and on July 9, 1956, Stewart orally moved respondent to correct the judgment by striking out his name and quashing the execution, which respondent did on July 13, 1956.

It is provided in CR 60.02 that the court on motion and upon such terms as are just may relieve a party from a final judgment for these reasons: 1. mistake, inadvertence, surprise or excusable neglect; 2. newly discovered evidence; 3. fraud, misrepresentation or other misconduct of an adverse party; 4. the judgment is void; 5. the judgment has been satisfied; 6. any other reason of extraordinary nature justifying relief from the operation of the judgment. For reasons 1, 2 and 3, the motion shall be made within a reasonable time, but not more than one year after judgment.

Stewart's oral motion was based on ground 6 and he argues the original judgment was erroneous because his name was inserted without notice to him or his attorney when neither was present and, after respondent had stated in open court he was only rendering judgment against the Company.

■ It is difficult for us to understand how respondent or Stewart, or the latter's attorney, could believe a judgment in this case could be rendered against Stewart's bondsman, which by the terms of the bond is only liable for Stewart's wrongdoing, without rendering judgment against Stewart himself. The Company only agreed to answer for Stewart's wrongdoing and even a layman must know that one is amenable for his own wrongs, and in this character of bond the sole liability of the bondsman depends upon the principal's wrongful act for which it agrees to indemnify the principal's employer. If it be admitted arguendo that respondent had jurisdiction to amend this judgment under CR 60.02(6), then his action in so doing was clearly erroneous for the reason just stated.

Our next question is whether the Company suffered great and irreparable injury. The Company had no appeal as under KRS 21.080 the amount involved was not sufficient to allow an appeal. Respondent argues that there is no irreparable injury since we have held in Glass v. Hancock, 265 Ky. 191, 87 S.W.2d 88, an erroneous money judgment not sufficient in amount to allow an appeal does not authorize this court to grant a writ of prohibition.

■ True, we held in Glass v. Hancock, 265 Ky. 191, 87 S.W.2d 88, the loss of a sum of money less than the appealable amount under KRS 21.080 does not work a great and irreparable injury. Also, we have held that a writ of mandamus or prohibition may not be invoked as a substitute for the right of appeal. McFarland v. Gilbert, 276 Ky. 423, 124 S.W.2d 473. However, petitioner's great and irreparable injury in this instance is not the loss of $160 but it comes about by respondent acting beyond his jurisdiction in changing the legal effect of the Company's contract and by upsetting the law in his jurisdiction rel-

ative to indemnity bonds. It shocks the conscience of this court for respondent to hold liable a bondsman indemnifying against the wrongdoings of a principal and in the same judgment to hold that the principal has committed no wrongful act for which he is liable.

A writ of prohibition is not granted as a matter of right but lies within the sound discretion of a court to prevent injustice when there is no adequate remedy, and to preserve an orderly administration of the law. This court grants the writ only when the inferior court is acting without jurisdiction, or is acting erroneously within its jurisdiction and great and irreparable injury will result therefrom, and petitioner is without an adequate remedy. Farmers National Bank of Danville v. Speckman, 312 Ky. 106, 226 S.W.2d 315, and authorities therein cited.

As stated in the first paragraph of this opinion, on July 7, 1956, Stewart gave the Company notice that on July 9, 1956, he would move respondent to amend the judgment, but there is no such motion in the record. We quote the applicable part of CR 7.02:

"(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

As this trial occurred more than a year before the notice was given and as the notice did not contain the motion, it was necessary for Stewart to have filed a written motion in order to give respondent jurisdiction in this case. Clay CR page 87. Ground 6 of CR 60.02 may not be invoked except under most unusual circumstances. The failure to ask relief available under grounds 1, 2 and 3 within the time limit of one year does not justify granting subsequent relief under ground 6. We hold that ground 6 must be clearly stated in a written motion or petition attempting to invoke it. Clay CR page 535. Stewart's notice was not sufficient to give respondent jurisdiction to amend this judgment.

There is no force in Stewart's argument that he was not given notice of the entry of the original judgment by the circuit clerk under CR 77.04 and for this reason that judgment was invalid. While this was a final judgment, it was not an appealable one under KRS 21.080 and under CR 77.04 notice was not required. Furthermore, CR 77.04 expressly recites failure of the circuit clerk to serve notice shall not affect the validity of the judgment.

Respondent next argues as the judgment was amended before this petition was filed, it is too late to prohibit him from amending the judgment and the question is now moot. It appears the amended judgment had been entered before this petition was filed but the real object of the petition is to prevent respondent from giving effect to or enforcing the judgment he amended and to have this court declare the amended judgment void and to order same set aside. The writ of prohibition will lie to prevent a threatened action, but if the action has not been completely performed the writ will lie to prevent further proceedings, and the court having acquired jurisdiction to prevent what remains to be done, the writ may give complete relief by undoing what has been done. Stewart v. Woods, 193 Ky. 824, 237 S.W. 657.

The order will be issued prohibiting respondent, Ray C. Lewis, Judge of the Knox Circuit Court, from enforcing his judgment as amended and from quashing the execution the Company had levied upon Stewart's property. Respondent will enter an order setting aside his void amendment and will reinstate the original judgment he attempted to amend.