COMMONWEALTH of Kentucky CABINET FOR HUMAN RESOURCES DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant,

v.

Robert L. KEITH, Appellee.

No. 90–CA–000457–MR.

Court of Appeals of Kentucky.

March 22, 1991.

Ryan M. Halloran, General Counsel, David W. Mossbrook, Office of Counsel, Cabinet for Human Resources, Frankfort, for appellant.

Joseph J. Wantland, Shepherdsville, for appellee.

Before CLAYTON, MILLER and STUMBO, JJ.

STUMBO, Judge:

This case is before the Court following an order by the Bullitt Circuit Court overruling a motion for summary judgment. Robert L. Keith, the appellee, was ordered to pay child support following his divorce in 1980. The mother of the child began drawing AFDC benefits when the appellee was unable to make child support payments. The Cabinet for Human Resources, the appellant, thereafter began intercepting the appellee's tax refunds. In 1987 the appellee moved the court to void that part of the divorce decree awarding child support payments. The court granted the motion when the child's mother failed to respond.

The next year, the appellee filed a third-party complaint against the appellant seeking the return of his 1987 income tax refund and to have his name removed from the appellant's tax intercept program. The appellant answered and counterclaimed for AFDC benefits which had already been paid. The appellee then moved for summary judgment on his complaint. The court granted the summary judgment, therein ordering that the appellee's name be removed from the tax intercept program and directing the return of appellee's 1987 tax refund and costs. This judgment was satisfied.

The appellant then sought summary judgment on its counterclaim. The appellee opposed this motion on its merits. The court, however, deemed this action to be *res judicata* and overruled the motion. This appeal followed that order.

 The circuit court evidently thought it had disposed of all issues, which it had not. The order granting appellee's summary judgment specifically covered

that relief requested in the appellee's complaint. No mention was made of the allegations in the appellant's counterclaim. Since the counterclaim and complaint were not mutually exclusive, the counterclaim could not be dismissed by implication. *Furlow v. Sturgeon*, Ky., 436 S.W.2d 485 (1968). The circuit court found the child support provision in the divorce decree to be void, thereby eliminating liability of the appellee under the divorce decree. However, the counterclaim sought reimbursement of funds expended for the dependent child of the appellee. A dependent child is defined as:

> [A]ny person under the age of eighteen (18) who is not otherwise emancipated, self-supporting, married or a member of the armed forces of the United States and is a recipient of or applicant for public assistance.

KRS 205.710(4). Clearly, the appellee's child would qualify as a dependent child. The appellant is entitled to initiate such actions for dependent children under either KRS 205.715 or KRS 205.780.

Because the counterclaim is a separate cause of action and was not mentioned in the order granting appellee's summary judgment, principles of *res judicata* would not prevent the court from considering the counterclaim on its merits. It is the opinion of this Court that this action be reversed and remanded with directions to grant the appellant an appropriate hearing on its counterclaim.

All concur.