Michael **BERRY**, Appellant,

v.

**CABINET FOR FAMILIES & CHILDREN, ex rel Valerie E. HOWARD (Now Higdon), Appellees.**

No. 98–SC–682–DG.

Supreme Court of Kentucky.

Aug. 26, 1999.

**466**

Richard T. Ford, Owensboro, for Appellant.

Robert M. Kirtley, Daviess County Attorney, Owensboro, Claude Porter, Daviess County Attorney's Office, Owensboro, Cheryl N. Cureton, Daviess County Attorney's Office, Owensboro, Graddy W. Johnson, Cabinet for Families and Children, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which reversed and remanded an order of the circuit court which had denied a motion by the Cabinet for Families and Children on relation of the mother of a child for relief pursuant to CR 60.02 from an agreed order ending the father's obligation for support payments to the mother for their child and denied the motion of the Cabinet to intervene.

This case presents a novel issue, whether the Cabinet, acting on relation of the custodial parent, may effectively modify a final order terminating child support rather than filing an independent action as permitted by statute. Questions presented include whether the trial judge acted appropriately within his jurisdiction in denying the Cabinet relief under CR 60.02; whether the 1993 order of the circuit court approving the mother's request to relieve the father of his obligation to pay child support in return for his surrender of his right to visitation and an agreement to allow termination of his parental rights in a possible future adoption is a prohibited contracting away of the child's support right; whether the direction of the Court of Appeals to the trial court to vacate the 1993 order is over broad and inconsistent with CR 60.02 relief and whether the right of the Cabinet to intervene and seek recovery for AFDC payments is limited by KRS 205.715.

Originally, the unmarried mother was awarded custody of her child and the father was granted visitation rights and ordered to pay $41 per week for child support. In March 1993, based on the mother's impending marriage and the intention of her new husband to adopt the child, an agreed order was entered terminating the visitation rights of the father and his child support obligation. The mother was drawing AFDC benefits at the time, and she was subsequently married, but the husband did not adopt the child. AFDC benefits were discontinued, but the mother reapplied for them and received them again in 1995. The Cabinet filed a motion to compel the father to pay child support. In December 1995, the trial judge ordered that the motion to set child support could not be granted because of the previous order which terminated the obligation of the father. No appeal was taken from this order, but a motion was filed by the Cabinet acting on relation of the mother, requesting CR 60.02 relief from the March 1993 order and seeking to allow the Cabinet to intervene to assert a claim against the father pursuant to the statute for reimbursement of AFDC benefits paid to the mother. KRS 205.712(5). The circuit judge denied the CR 60.02 motion but did not address the motion to intervene. This Court granted discretionary review.

The father argues that the trial judge acted appropriately and within his discretion in denying the CR 60.02 motion. He also contends that the 1993 order of the circuit court approving the request by the mother to relieve the father of his obligation to pay child support in return for his surrender of his visitation rights, and his agreement to allow termination of his parental rights in a possible future adoption, is not a prohibited contracting away of the right of the child to support. The father also claims that the direction by the Court of Appeals to the trial judge to vacate the 1993 order is over broad and inconsistent with CR 60.02 relief. Finally, he asserts that the right of the Cabinet to intervene and seek recovery of AFDC payments is limited by KRS 205.715.

The Cabinet responds that the Court of Appeals correctly remanded the matter to the trial court with directions to allow them to intervene, providing that the intervention follows the requirements of CR 24.03. They also argue that the Court of Appeals correctly determined that the trial judge erred in failing to grant relief on their CR 60.02 motion.

I

■ The Court of Appeals correctly remanded this matter to the trial court with directions to allow the Cabinet to intervene, provided an intervening complaint is tendered as required by CR 24.03. The Cabinet is authorized to establish or enforce child support and allowed to institute legal action for reimbursement pursuant to KRS 403.211 and KRS 205.780. These statutes provide a variety of detailed provisions and guidelines for the conduct of the Cabinet. Such authority is not based on the existence of a support order established by a judicial decree. *See* KRS 205.715, KRS 205.710(4) and KRS 205.780. *See also Commonwealth, Cabinet for Human Resources, Division of Child Support Enforcement v. Keith,* Ky.App., 805 S.W.2d 672 (1991) in which it was held that the right of the Cabinet to reimbursement is statutory and not dependent on the existence of a support provision in an underlying decree. KRS 205.720(1) provides additional authority in regard to the role of the Cabinet in such matters.

II

■ The Court of Appeals properly determined that the trial court erred in failing to grant the motion for relief pursuant to CR 60.02.

■ The 1993 order clearly indicates that the only reason for relieving the father of his support obligation was that the mother planned to marry her fiancé who had indicated he would adopt the child. The fact that the husband did not adopt the child is sufficient reason of an extraordinary nature permitting relief pursuant to CR 60.02(f). CR 60.02 was intended to codify the common law writ of coram nobis. The purpose of such a writ was to bring before the court judgment errors in matters of fact which 1) had not been put into issue or passed on and 2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court. *Davis v.. Home Indemnity Co.,* Ky., 659 S.W.2d 185 (1983). Any action under this rule addresses itself to the sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for an abuse. *Richardson v. Brunner,* Ky., 327 S.W.2d 572 (1959); *Fortney v. Mahan,* Ky., 302 S.W.2d 842 (1957).

■ The extraordinary reasons required by Section (f) of the rule must be clearly stated in a written motion or petition in order to benefit by it. *Hartford Accident & Indemnity Co. v. Lewis,* Ky., 296 S.W.2d 228 (1956). The rule requires extraordinary circumstances to be shown before relief will be granted. *Bishir v. Bishir,* Ky., 698 S.W.2d 823 (1985).

■ The Cabinet argued that the 1993 order was voidable because a parent cannot contract away a support obligation; that the judgment was prospective in nature and that the conditions for continuing to relieve the father from his support obligations were no longer in effect and that the agreement should not be binding on the Cabinet. The motion as filed was sufficiently specific as required by the rule. CR 60.02(e) would also operate to support the position of the Cabinet because it would be inequitable for the order to have prospective application in view of the fact that the husband did not adopt the child as anticipated when the 1993 order was entered. *See James v. Hillerich & Bradsby Co.,* Ky., 299 S.W.2d 92 (1956). This was not a case in which the order ending support was contingent upon adoption. Although we do not agree that the 1993 order was voidable, i.e., subject to being

set aside retroactively to its date of entry, we do agree that it is subject to being vacated prospectively pursuant to CR 60.02(e).

KRS 403.180 authorizes the Court to modify provisions of any agreement which pertain to custody, visitation and child support. The parties cannot prevent the court from modifying terms of their agreement. *See Brown v. Brown*, Ky., 796 S.W.2d 5 (1990). The provision of the 1993 order which attempts to protect the father in the event future support should be established is unconscionable and contrary to public policy and the law. Here, the father did not execute any documents which would satisfy the very strict statutory requirements for terminating his parental rights or for consenting to adoption of the child. *See Wright v. Howard*, Ky.App., 711 S.W.2d 492 (1986). Neither the parties nor the trial judge had authority to terminate the father's future child support obligation under the circumstances existing in this case.

*Mauk v. Mauk*, Ky.App., 873 S.W.2d 213 (1994), is factually distinguishable because the Cabinet for Families and Children was not a party and because the father in that case had executed termination and adoption papers and given the same to the mother who never filed the adoption action. The adoption statute permits a parent to withdraw consent to adoption within a specified time. The time had passed in which the father in that case could have withdrawn his consent. Moreover, the father here did not execute either termination or adoption documents.

Here the trial judge believed that the 1993 order prevented him from granting the motion of the Cabinet to set child support pursuant to KRS 403.211 and that only by setting aside the 1993 order would he be able to establish child support. Accordingly, to deny CR 60.02 relief in this case would have the practical effect of terminating the obligation of the father to provide child support despite the fact that the contingency upon which the termi-nation was based, i.e., the adoption, never occurred. The circumstances of this case provide a reason of an extraordinary nature justifying relief pursuant to CR 60.02(f).

Therefore this Court affirms the decision of the Court of Appeals so as to permit CR 60.02 relief from the 1993 judgment and remands this case to the circuit court with directions to vacate the 1993 order and to establish child support to be paid by the father prospectively from the date of the motion filed by the Cabinet on relation of the mother. The Cabinet for Families and Children is permitted to intervene in order to obtain reimbursement pursuant to KRS 205.780 provided such an intervening complaint complies with CR 24.03.

LAMBERT, C.J., COOPER, GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., dissents by separate opinion.

JOHNSTONE, Justice, dissenting.

Because of several procedural errors which I believe preclude the Cabinet for Families and Children ("the Cabinet") and Valerie Howard ("Valerie") from relief under CR 60.02, I must respectfully dissent.

First, Valerie made no motion to alter, amend, or vacate the December 1995 order denying her motion to set child support to be paid by Michael, her child's father. Second, Valerie took no appeal from the December 1995 order. Third, neither the Cabinet nor Valerie took steps to make the child a party to the CR 60.02 proceeding or the appeal to the Court of Appeals. Fourth, neither the Cabinet nor Valerie sought the appointment of a guardian ad litem. Finally, the Cabinet did not file an intervening complaint, as required by CR 24.03.

In addition, I would hold that the trial court was correct in denying Valerie's CR 60.02 motion. Relief under CR 60.02 "is

an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal...." *Davis v. Home Indemnity Company,* Ky., 659 S.W.2d 185, 188 (1983) (quoting *Harris v. Commonwealth,* Ky., 296 S.W.2d 700 (1956)). The only basis for the relief granted in this case is that Valerie's husband did not adopt her child, a situation which was completely within the control of Valerie and her husband. I do not believe this is the extraordinary situation which CR 60.02 was intended to remedy.