RENDERED:  NOVEMBER 3, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0044-MR

MELINDA CANTRELL                                                    APPELLANT

APPEAL FROM JOHNSON CIRCUIT COURT
v.          HONORABLE JOHN KEVIN HOLBROOK, JUDGE[1]
ACTION NO. 22-CI-00102

KELLY CONLEY                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

JONES, JUDGE:  Melinda Cantrell appeals the Johnson Circuit Court's (1) order

of summary judgment dismissing a premises liability negligence claim she asserted

against her former landlord, Kelly Conley; and (2) order denying her subsequent

---

[1] Judge John David Preston signed the order granting summary judgment; Judge John Kevin Holbrook signed the order denying the CR 60.02 motion.

CR[2] 60.02 motion to alter, amend, or vacate.  We will address these orders and her

contentions of error relative to them in turn.  Upon review, we affirm.

## I. SUMMARY JUDGMENT

The following rules govern our review of this aspect of Cantrell's

appeal:

> The proper standard of review on appeal when a
> trial judge has granted a motion for summary judgment is
> whether the record, when examined in its entirety, shows
> there is no genuine issue as to any material fact and the
> moving party is entitled to a judgment as a matter of law.
> The trial judge must view the evidence in a light most
> favorable to the nonmoving party, resolving all doubts in
> its favor.  Because summary judgment does not require
> findings of fact but only an examination of the record to
> determine whether material issues of fact exist, we
> generally review the grant of summary judgment without
> deference to either the trial court's assessment of the
> record or its legal conclusions.

*Phoenix American Adm'rs, LLC v. Lee*, 670 S.W.3d 832 (Ky. 2023) (internal

quotation marks and citations omitted).

As for the factual and procedural background that led to the circuit

court's summary judgment order in this matter, Cantrell lived in a single-family

residence (*i.e.*, a mobile home) in Oil Springs, Kentucky, which she rented from

Conley beginning October 5, 2020, through May 28, 2021, pursuant to an oral

lease agreement.  On that later date, Cantrell suffered a fall on the premises and

---

[2]  Kentucky Rule of Civil Procedure.

was injured.  Afterward, she filed suit against Conley in Johnson Circuit Court,

asserting he was liable for her personal injuries based upon a theory of negligence.

The salient allegations underpinning her theory, as set forth in her complaint, were

as follows:

> 4. That on May 28, 2021, Melinda Cantrell was exiting
> the residence when the concrete steps collapsed causing
> Melinda Cantrell to fall through and over the steps used
> to enter the dwelling.
>
> 5. That the Defendant, Kelly Conley, as the Landlord
> owed a specific duty to the Plaintiff, as a tenant, to keep
> the premises in a reasonably safe condition as Melinda
> Cantrell would be considered a business invitee.
>
> 6. That Melinda Cantrell and her husband had indicated
> to the Defendant that the steps did not appear in good
> condition for a significant time period before the
> accident; the Defendant indicated that the steps would be
> replaced but they were in a safe condition. . . .

There is no dispute that a landlord-tenant relationship existed between

Conley and Cantrell at all relevant times.  Nor is there any disagreement that – as

Cantrell phrases it on the first page of her appellate brief – she "notified [Conley]

upon moving into the leased trailer that the entrance steps were hazardous and

needed repairs."  To that point, Cantrell testified in her discovery deposition[3] that

---

[3]  The parties' respective citations to Cantrell's testimony are limited to pages 16 through 19 of her discovery deposition.  These pages were attached as exhibits to Conley's motion for summary judgment, but the remainder of her discovery deposition is not of record, nor is there any indication that her deposition was ever filed with the circuit clerk; the clerk's certification reflects that only one deposition was filed, and the sole deposition of record is Conley's.

as early as October 6, 2020, she and her husband began asking Conley to replace the steps because "we just looked at them and said they didn't look very safe because they were older and had – you know, just didn't look good. They didn't look safe." Bearing that in mind, Conley eventually moved for summary judgment based upon the requisite "duty" element of Cantrell's negligence claim.[4] He argued landlords do not owe tenants the duty of reasonable care that premises owners owe to business invitees; and that as a landlord, he owed Cantrell no duty whatsoever because she was admittedly aware of the hazardous condition of the concrete steps well before that condition caused her injuries.

Cantrell filed no written response to the arguments Conley raised in his motion. Her substantive opposition to his motion was instead limited to one contention she offered for the first time during oral arguments at the summary judgment hearing.[5] In her view, Conley's failure to make timely and appropriate repairs to the concrete steps indicated Conley had violated Kentucky's Uniform

---

[4] "A common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citations omitted).

[5] No video footage of the summary judgment hearing was included with the certified record, perhaps because Cantrell failed to specifically list the date of that pre-trial proceeding in her designation. *See* Kentucky Rule of Appellate Procedure (RAP) 24(B)(1)(a). However, the circuit court noted in its summary judgment order that Cantrell raised her Kentucky Uniform Residential Landlord Tenant Act (URLTA) argument at that time.

Residential Landlord Tenant Act (URLTA), as set forth in KRS[6] Chapter 383, and that Conley was accordingly negligent per se. On December 12, 2022, the circuit court summarily dismissed Cantrell's action, explaining in its order that Conley violated no common law duty owed to Cantrell under the evidence presented, and that the URLTA – even if it applied – did not authorize damages for personal injuries. On appeal, as below, Cantrell has abandoned any argument that landlords owe tenants the duty of reasonable care that premises owners owe to business invitees; she cites no evidence supporting that Conley breached any common law duty he may have owed to her by virtue of their landlord-tenant relationship; but she insists that the URLTA authorized her negligence action against Conley.

We begin with the argument Cantrell abandoned, because addressing it is necessary for context. Contrary to what she initially claimed, landlords typically do not owe their tenants the kind of "duty" premises owners owe business invitees. The general rule is that *a possessor of property* owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them. *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 909 (Ky. 2013). Business owners do not typically surrender the entirety of their premises to invitees. Instead, they continue to maintain a level of control over the premises throughout interactions with their invitees and can be expected to

---

[6] Kentucky Revised Statute.

exercise care for their safety. Consequently, business owners owe to their invitees a duty to discover unreasonably dangerous conditions and either to eliminate or to warn of them.

Conversely, where the landlord has surrendered exclusive possession and control of the leased premises to the tenant, the tenant is deemed to be the possessor of the property. *See Jaimes v. Thompson*, 318 S.W.3d 118, 119 (Ky. App. 2010) (citation omitted). In that situation, the occupying tenant is expected to be aware of any of the property's defects (or should be through a reasonable inspection of the premises) on a day-to-day basis, and landlords who lease the entirety of residential premises to a tenant are entitled to rely on the fact that the tenant will exercise reasonable care for himself and his guests. Thus, except for latent or unknown defects, a tenant takes the premises as he finds them, and the landlord is not liable for injuries sustained from a known defective condition. *Miles v. Shauntee*, 664 S.W.2d 512, 517-18 (Ky. 1983); and *Milby v. Mears*, 580 S.W.2d 724, 728 (Ky. App. 1979). Additionally, under common law, a landlord is not liable for injuries caused by breach of a covenant to make repairs to a leased premises. Rather, the remedy for breach of an agreement to repair is limited to the cost of repair. *See Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 190 (Ky. App. 2006).

As indicated, Cantrell makes no argument and cites no evidence showing that Conley retained control over the entry or stairs to the rented mobile home – only that he may have promised to repair them and that he failed to do so. Nothing indicates she was injured due to a "latent" defect. As she acknowledged in both her testimony below and her brief before this Court, the hazardous condition of the entry and stairs was known to her several months before it caused her to sustain injuries. Likewise, Conley's failure to honor any covenant to repair the steps at the property could not have subjected him to common law liability for Cantrell's personal injuries. Therefore, the trial court properly determined Conley breached no common law duty he may have owed Cantrell by virtue of his status as her landlord.

This leads to Cantrell's argument that Conley, in failing to make timely and appropriate repairs, was nevertheless negligent per se for violating the URLTA – legislation that sets forth various duties of a landlord, including the duty to comply with building and housing codes, to make repairs, to maintain the mechanicals associated with the premises, and to furnish water. KRS 383.595(1)(a)-(e). Cantrell's argument lacks merit for at least two reasons. First, Cantrell fails to acknowledge that the URLTA is applicable only to the cities, counties, and urban-county governments which elect to enact it. KRS 383.500. Cantrell has not identified nor has our research revealed any ordinance by which

Johnson County or the City of Oil Springs have adopted the URLTA. Therefore, the URLTA has no applicability to this action. Second, when enacting the URLTA, there was no "clear intention on the part of the legislature to depart from the common-law standard for landlord liability." *Miller v. Cundiff*, 245 S.W.3d 786, 789 (Ky. App. 2007); *see also Waugh v. Parker*, 584 S.W.3d 748, 752 (Ky. 2019). Cantrell fails to demonstrate the existence of any genuine issue of material fact demonstrating she met the common-law standard for landlord liability. Therefore, she has failed to demonstrate that the circuit court entered its summary judgment in error.

## II. CR 60.02

Less than ten days after the dismissal of her action, Cantrell moved the circuit court to alter, amend, or vacate its judgment pursuant to CR 60.02.[7] In support, she noted that on December 6, 2022 – roughly a week before the circuit court had entered its judgment – she had filed a motion to compel discovery from Conley; that in her motion to compel, she had argued the case was "not ready for any dispositive Motions or Trial" absent this requested discovery; and that the

---

[7] It is unclear why Cantrell chose to assert her motion under the purview of CR 60.02, rather than CR 59.05, when she served her "motion to alter, amend or vacate" within ten days of the circuit court's summary judgment. For our purposes, however, it makes no difference because we review denials of CR 59.05 motions and CR 60.02 motions under the abuse of discretion standard. *See Bowling v. Ky. Dep't of Corrs.*, 301 S.W.3d 478, 483 (Ky. 2009); *Kurtsinger v. Bd. of Tr. of Ky. Ret. Sys.*, 90 S.W.3d 454, 456 (Ky. 2002) (citation omitted); *see also Berry v. Cabinet for Families and Children ex rel. Howard*, 998 S.W.2d 464, 467 (Ky. 1999) (citations omitted).

circuit court had yet to resolve her outstanding discovery motion. As for the nature of the outstanding discovery, she described it as "specifically discoverable documents on the notice of latent defects to the property that was leased." She also represented that Conley's "deposition was paused to allow [him] to produce documents pursuant to CR 30, 33, and 34." In sum, Cantrell argued the circuit court's summary judgment had been premature.

Responding, Conley urged the circuit court to deny Cantrell's post-judgment motion because: (1) Cantrell's outstanding discovery requests, as set forth in her prior motion to compel, had exclusively related to his finances which had no bearing upon whether he breached any duty actionable in negligence; (2) Cantrell had never alleged in her complaint or previously claimed that her injuries had been caused by a "latent defect," and her contention was thus unpreserved; and (3) Cantrell testified she complained of the issue that led to her fall (steps) on the second day she lived at the residence. She fell approximately 6 months later. She testified she complained multiple times. If true, this certainly was not a latent defect. The circuit court denied Cantrell's post-judgment motion for the reasons proffered by Conley. Cantrell claims on appeal that the circuit court erred in denying her motion.

"The trial court's determination that a sufficient amount of time has passed and that it can properly take up the summary judgment motion for a ruling

-9-

is reviewed for an abuse of discretion." *Blankenship v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

With that said, the first point Conley asserted in response to Cantrell's CR 60.02 motion is well-taken. Cantrell cites nothing of record, and we have found nothing of record, indicating Conley's "deposition was paused to allow [him] to produce documents pursuant to CR 30, 33, and 34." Also, contrary to what Cantrell represented below, her motion to compel discovery did *not* ask for information relating to "notice of latent defects to the property that was leased." Her motion exclusively sought information regarding the Conleys' finances and the finances of their businesses. To that end, she complained in her motion to compel: "Because the defendant, Kelly Conley, was so vague and uninformed [in his deposition] as to his business operations, it is necessary to depose his wife, Paula Conley, on these areas germane to this discovery. Absent this additional discovery, this case is not ready for any dispositive Motions or Trial." Further underscoring that Cantrell was only seeking discovery of financial information from the Conleys, Cantrell concluded her motion to compel by stating:

> Deponent [Paula Conley] needs to bring the documents
> listed as follows:

-10-

1. All business bank accounts;

2. Copies of all personal bank accounts;

3. Copies of Radiator Service, Paintsville, Kentucky business records;

4. Copies of Radiator Service, West Virginia, business records;

5. Copies of any other business records;

6. Copies of title and deed to trailer where accident happened;

7. Copies of all insurance policies for all businesses;

8. Copies of all payments of rent made by [Cantrell];

9. Copies of all proof of which bank account the rent payments were deposited into while [Cantrell] was renting the trailer, where she was injured[.]

"Under our summary judgment standard, disputed facts warrant a jury trial only when *material*." *True v. Fath Bluegrass Manor Apartment*, 358 S.W.3d 23, 28 (Ky. App. 2011) (citation omitted) (emphasis added). Information regarding Conley's financial condition – the only requested discovery that remained outstanding when the circuit court entered its summary judgment – was immaterial and irrelevant; the law previously recited precluded Cantrell from any recovery on her negligence claim against Conley, regardless of his assets. To the extent Cantrell is arguing summary judgment was premature because she had not

yet received the discovery she *actually* requested in her pre-judgment motion to compel, the circuit court committed no abuse of its discretion.

As for the second and third points Conley asserted in opposition to her CR 60.02 motion, which the circuit court also adopted, Cantrell offers no responsive argument in her brief and consequently has conceded the correctness of the circuit court's judgment in those respects. *See, e.g.*, *Osborne v. Payne*, 31 S.W.3d 911, 916 (Ky. 2000) ("Any part of a judgment appealed from that is not briefed is affirmed as being confessed."). In any case, those points are also well-taken. Regarding preservation, neither CR 60.02 nor CR 59.05 permits disappointed litigants to raise grounds that could and should have been raised prior to the entry of an offending judgment as a basis for setting that judgment aside. *See Hopkins v. Ratliff*, 957 S.W.2d 300, 301 (Ky. App. 1997); *see also Board of Trustees of Policemen's and Firemen's Retirement Fund of City of Lexington v. Nuckolls*, 507 S.W.2d 183, 186 (Ky. 1974). Here, the first occasion Cantrell argued she required additional time for discovery regarding whether a "latent defect" caused her injury was, as indicated, in her CR 60.02 motion. Consequently, this argument was unpreserved. Additionally, Cantrell testified she had been aware of the hazardous condition that caused her alleged injuries well before it ultimately caused her injuries. In light of her admission, that condition could not have been considered "latent," and it was unnecessary to conduct any

further discovery in that regard. In short, the circuit court did not abuse its discretion or otherwise err in denying Cantrell's CR 60.02 motion.

## III. Conclusion

For the reasons set forth above, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

William W. Tinker, III
Donald W. McFarland
Salyersville, Kentucky

BRIEF FOR APPELLEE:

Phillip D. Blair
Paintsville, Kentucky